IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOHNATHAN FRANKLIN,

                              Plaintiff,

     v.

ADA JOHN R. BURR, CHIEF OF POLICE
LT. DAVENPORT, DET. REINSTRA,
DET. RICKEY, DET. MIKE MONTIE,
LINDA DRAEGER
CITY OF MADISON POLICE DEPARTMENT,

                              Defendants.

ORDER

12-cv-779-bbc
_____

      Plaintiff Johnathan Franklin, a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin, has submitted a proposed complaint. Along with the complaint, the court received a $150 check from plaintiff. Because plaintiff has not filed a case with this court since 1997, he may be unaware that the civil filing fee is now $350. In addition, plaintiff has filed a request for leave to proceed *in forma pauperis* and several bi-weekly trust fund account statements, which cover approximately a two-month period from August 20, 2012 to October 15, 2012. Because it is unclear how plaintiff wishes to proceed, I will direct the clerk of court to place a hold on plaintiff's $150 check and allow plaintiff until November 20, 2012 to advise the court how he would like to proceed. Plaintiff has four options:

      1) Plaintiff may request that clerk of court return the $150 check to him. In order to continue with this lawsuit, plaintiff will be required by November 20, 2012 to submit a full six-month trust fund account statement covering the period from April 20, 2012 until October 20, 2012. Once the six-month statement is received, the court will calculate plaintiff's initial partial payment and advise him of the amount he will have to pay before the court can screen the merits

of his complaint under 28 U.S.C. § 1915(e)(2). In addition, Plaintiff will be obligated to pay the unpaid balance of his filing fee in monthly payments as set forth in 28 U.S.C. § 1915(b)(2).

2) Plaintiff may request that the $150 check be returned to him and he may then submit the full $350 civil filing fee by November 20, 2012. Plaintiff should be aware however that even if he pays the entire filing fee at once, because he is a prisoner, the court is required to screen his complaint pursuant to 28 U.S.C. § 1915A to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

3) Plaintiff's third option is to advise the court that he would like to apply the $150 check to the filing of this action. Should plaintiff choose to proceed in this fashion, his complaint will be taken under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be responsible for playing the remaining balance of the filing fee in monthly payments as set forth in 28 U.S.C. § 1915(b)(2).

4) Plaintiff's final option is to do nothing. If the court does not hear from plaintiff by November 20, 2012, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to return the $150 check to plaintiff and close this file without prejudice to his filing his case at a later date.

ORDER

IT IS ORDERED that the clerk of court is directed to place plaintiff Johnathan Franklin's $150 check on hold. Plaintiff is to advise the court by November 20, 2012, how he wishes to proceed with this lawsuit.

Entered this 26th day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge