IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNATHAN FRANKLIN,

                Plaintiff,                        OPINION and ORDER

      v.                                             12-cv-779-bbc

ADA JOHN R. BURR, CHIEF OF POLICE
LT. DAVENPORT, DET. REINSTRA,
DET. RICKEY, DET. MIKE MONTIE,
DET. LINDA DRAEGER and
CITY OF MADISON POLICE DEPARTMENT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Johnathan Franklin, a prisoner at the Stanley Correctional Institution, has submitted a complaint under 42 U.S.C. § 1983, alleging that various law enforcement personnel violated his constitutional rights by interrogating him after he had requested counsel. Plaintiff has paid the $350 filing fee for this case. The next step in the case is to screen the complaint under 28 U.S.C. § 1915A to determine whether any portion is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. Plaintiff is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). After examining plaintiff's complaint, I conclude that he may not proceed because his claim is barred under Heck v.

Humphrey, 512 U.S. 477 (1994).

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

On September 25, 1996, plaintiff was stopped while in his car by defendant police officer Mike Montie and "numerous" other officers (by which I understand plaintiff to be referring to defendants Davenport, Reinstra, Rickey and Draeger.)  Plaintiff asked why he was being arrested, and Montie replied that "someone at the station" would be able to answer his questions.  Plaintiff immediately requested counsel and stated that he would not speak to anybody unless counsel was provided to him.  The officers brought in assistant district attorney John Burr, who they said was someone "that could help [plaintiff] avoid being in jail for a very long time."  Defendants deceived plaintiff into thinking he was being taken to his grandmother's house but ended up at his co-defendant's house instead.  Defendants interrogated plaintiff after he asked to be given a lawyer, and they used this information to obtain a warrant.  Ultimately, plaintiff pleaded guilty because of the court's rulings at a suppression hearing.  (Plaintiff does not describe the offenses for which he was charged, but a search of the Wisconsin online circuit court docket shows that plaintiff pleaded guilty to felony murder and aggravated battery on March 20, 1997, in Dane County case nos. 1996CF1253 and 1996CF1902.)

OPINION

I understand plaintiff to be bringing a claim under the Fifth Amendment for being interrogated without his lawyer after he asked to be provided with one. In <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981), the Supreme Court held that once a suspect expresses his desire to speak with police in the presence of an attorney, officers may not continue to interrogate the suspect until an attorney is present.

However, the result of plaintiff's criminal proceedings raise the question whether his claims are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), which prohibits a plaintiff from bringing claims for damages if judgment in favor of the plaintiff would "*necessarily* imply the invalidity of his conviction or sentence." (Emphasis added.) Plaintiff states that he pleaded guilty because of the court's rulings at a suppression hearing regarding his interrogation, and the electronic records show that plaintiff's conviction has not been invalidated. Thus a judgment in plaintiff's favor in this case would necessarily implicate the validity of the conviction at least in part because of the Fifth Amendment violation. Therefore, I will dismiss plaintiff's complaint. (I note that even if <u>Heck</u> did not apply to plaintiff's claim, the case would still have to be dismissed because it would be barred by the statute of limitations; the longest time plaintiff might have had to file his lawsuit under the Wisconsin statutes of limitations for tort claims is 6 years from the date of his plea, and he filed this lawsuit well past that period.)

ORDER

IT IS ORDERED that plaintiff Johnathan Franklin's complaint is DISMISSED under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment in favor of defendants ADA John Burr, Chief of Police Lt. Davenport, Det. Reinstra, Det. Rickey, Det. Mike Montie, Det. Linda Draeger and City of Madison Police Department and close this case.

Entered this 8th day of January, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge